IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

MARGARET J. MIELKE,                )
Individually as the surviving      ) NO. 4:05-cv-00088-REL-RAW
spouse, as the Administrator       )
of the Estate of and as the        ) RULING ON PLAINTIFF'S MOTION
Wrongful Death Beneficiary         ) TO COMPEL DISCLOSURES FROM
of Walter J. Mielke, Deceased,     ) DEFENDANT EXXONMOBIL
                                   ) CORPORATION and DEFENDANT'S
         Plaintiff,                ) "MOTION FOR JUDGMENT"
                                   )
    vs.                            )
                                   )
ASHLAND, INC., Individually,       )
and f/k/a Ashland Oil &            )
Refining Company, and              )
Ashland Oil, Inc., et al.,         )
                                   )
         Defendants.               )

This is a products liability action against multiple defendants, including ExxonMobil, for the alleged wrongful death of plaintiff's decedent, Walter J. Mielke. The Petition alleges that Mr. Mielke was employed by former defendant Bridgestone/Firestone in Des Moines from approximately 1951 to 1985. (Petition ¶ 16). It further alleges that during that time "Decedent was exposed to toxins and carcinogens, including but not limited to solvents, naptha, toluence, benzene, benzene containing products and other carcinogens supplied and/or manufactured by Defendants." (Id.). The decedent's exposure to solvents and chemicals allegedly caused his development of leukemia. (Id.).

In its initial disclosures required by Fed. R. Civ. P. 26(a)(1) ExxonMobil said that, except for employment and medical information concerning Mr. Mielke, without the identity of any specific ExxonMobil product to which the decedent was exposed, or information concerning the time period or frequency of use, it was unable to identify witnesses or documents with information likely to bear significantly on any claim or defense. (Motion Ex. A). In her motion plaintiff characterizes the action against ExxonMobil as "a benzene products liability claim." (Motion at 2). She says that one of the benzene-containing products involved was "Varsol." (Id. at 1-2). Plaintiff contends ExxonMobil "should have disclosed all information on Varsol and all other benzene-containing products [ExxonMobil] marketed to the tire industry," as well as such documents as Material Safety Data Sheets (MSDS), marketing materials, warnings and the like. (Id. at 2, 3).

In resistance ExxonMobil maintains that because the decedent's alleged exposure occurred over a thirty-four year time period which ended twenty years ago it is "impossible" for it "to identify the full historical set of specific products" to which the reference to "benzene-containing products" may apply. (Resistance Ex. 2 (Aff. of Gulla)). ExxonMobil maintains there are "literally hundreds of different petroleum based products which might fit" the term "benzene-containing products." (Id.). According to ExxonMobil "Varsol is a registered trademark for an entire line

which include[s] a large number of premium conventional aliphatic fluids."  It is not a specific product.  (Resistance at 3).  With respect to MSDS, ExxonMobil asserts they are provided with specific products and not sent to the tire industry generally.  Plaintiff provides no reason to doubt these assertions in the resistance.

As amended in 2000, the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) manifestly do not require ExxonMobil to disclose all information it has pertaining to Varsol or other benzene-containing products it marketed to the tire industry.[1] With respect to the identity of persons likely to have knowledge of discoverable information and documents, the amended rule requires a party to disclose "only information that the disclosing party may use to support its position."  Advisory Committee Notes to 2000 Amendment ("Purposes of amendments"); Fed. R. Civ. P. 26(a)(1)(A), (B).  Moreover, the duty of disclosure is subject to a rule of reason; to disclose information "then reasonably available" to the disclosing party.  Fed. R. Civ. P. 26(a)(1).  "The initial disclosure rules do not require a party to conduct a thorough

---

[1] Plaintiff also contends the initial disclosures are inadequate because ExxonMobil did not provide for inspection and copying of any insurance agreement which may be applicable to plaintiff's claims.  Fed. R. Civ. P. 26(a)(1)(D).  Though the disclosure made by ExxonMobil said it had not yet been able to determine what specific insurance policy applied to plaintiff's claims, in its resistance it says it is self-insured and is unaware of any insurance agreement subject to disclosure under the rule.  In view of this information, the Court considers the motion to compel with respect to insurance agreements to be moot.

3

investigation of the case before making its initial disclosures." 6 <u>Moore's Federal Practice</u> § 26.22[1][b] at 26-61 (3d ed. 2005).

These limitations on the scope of the initial disclosure duty can in conjunction with the liberal notice pleading rule of Fed. R. Civ. P. 8(a) create something of a chicken-and-egg problem in a products liability action such as this which targets numerous defendants in short, conclusory allegations. As it has evolved, the initial disclosure requirement is intended "to accelerate the exchange of basic information" the disclosing party may use to support its contentions, Advisory Committees Notes to 1993 Amendments (subdiv. (a)), but if the opponent's pleading is threadbare "[i]t may happen that, owing to a lack of specifics in pleadings, a party does not apprehend initially that it will use certain witnesses or documents." 8 C. Wright, A. Miller & R. Marcus, <u>Federal Practice & Procedure: Civil</u> § 2053 (2005 supp. at 180). That is the position ExxonMobil finds itself in. What the motion to compel essentially asks the Court to do is require ExxonMobil to name all persons known to it and identify all documents in its possession it might use to defend any of its benzene-containing products to which decedent might at some time have been exposed during his employment in the Bridgestone/Firestone tire plant in Des Moines during the thirty-four year period ending in 1985. ExxonMobil has shown in resistance that such an undertaking, if not a practical

4

impossibility, would pose an investigative burden far beyond that contemplated by the initial disclosure requirements of Rule 26(a)(1).

The question is not whether, but when ExxonMobil must make the required disclosures.  Presumably discovery is ongoing under the May 11, 2005 Scheduling Order and Discovery Plan and will, if it has not yet, flush out the factual basis for the claims against ExxonMobil sufficient to trigger the duty to supplement in Fed. R. Civ. P. 26(a).  It is reasonable to require ExxonMobil to supplement its initial disclosures by its expert witness disclosure deadline, November 21, 2005.  By then the case will be far enough along that ExxonMobil should be in a position to identify potential witnesses and documents it may use in defense of plaintiff's claims, and there will be time remaining prior to the January 17, 2006 discovery deadline for plaintiff to conduct additional discovery in light of the disclosures.

Motion to compel **denied**, provided, that ExxonMobil shall fully and fairly supplement its initial disclosures not later than **November 21, 2005** to provide the information required by Fed. R. Civ. P. 26(a)(1)(A), (B) (#51).  ExxonMobil's "Motion for Judgment," which merely sought ruling on the Motion to Compel, is **denied as moot** (#53).  No fees or costs are taxed in consequence of the motion, the Court believing it would be unjust to do so.  Fed. R. Civ. P. 37(a)(4)(B).

IT IS SO ORDERED.

Dated this 21st day of September, 2005.

_____
ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE